**No. 24-1181**

_____

**United States Court of Appeals
for the Seventh Circuit**

_____

Fred L Nance Jr.
       Plaintiff-Appellant

           Vs

United States Department of Justice, et, al.
       Defendant-Appellees.


_____


Appeal from the United States District Court
Northern District of Illinois, Eastern Division
Case No. 20-CV-06316
The Honorable Judge Jorge L. Alonso
Case No. 22-CV-3861
The Honorable Judge LaShonda


_____


REPLY BRIEF
PLAINTIFF-APPELLANT, FRED L NANCE JR.


/s/Fred L. Nance Jr., Plaintiff-Appellant
Pro se
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395
frednance@clickservices.org

# TABLE OF CONTENTS

**Pg.**

**TABLE OF AUTHORITIES** …………………………………. i, ii

**INTRODUCTION** …………………………………………. 1-3

**TRUTH TO POWER** …………………………………… 3-6

**MATERIAL FACTS IN DISPUTE** ………………………. 6-12

**CONCLUSION** ……………………………………………. 12-15

**CERTIFICATE OF COMPLIANCE WITH FRAP RULE 32(a)(7)**

**PROOF OF SERVICE**

# TABLE OF AUTHORITIES

**CASES**                                                                                                                           **Pg.**

*Alonzi v. Budget Construction Co.*, 55 F.3d 331, 333 (7th Cir. 1995)   …   1

*Andreea Gociman, et al. vs Loyola University of Chicago*, No 21-1304,

       Argued December 7, 2021 and Decided July 25, 2022   …………   13

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)  …………………………………  14

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)  …………………  14

*Bogie v. Rosenberg*, 705 F.3d 603, 608, 616 (7th Cir. 2013). *Id.* at 4…………  10

*Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) …………………  14

*Bradley Hotel Corp. v. Aspen Specialty Ins. Co.*, 19 F.4th 1002,

      1005 (7th Cir. 2021)  ……………………………………………  13-14

*Christopher v. Harbury*, 536 U.S. 403, 420 n.19 (2002)  …………………  10

*Cleaver v. Elias*, 852 F.2d 266 (7th Cir. 1988)  …………………………  1

*Norfleet v. Walker*, 684 F.3d 688, 690-91 (7th Cir. 2012)  …………………  3

*Phillips*, 714 F.3d at 1020  ……………………………………………  14

*Twombly*, 550 U.S. at 556  ……………………………………………  14

**STATUTES**

18 U.S 1001 and/or 1621  ……………………………………………  4

28 U.S.C. § 2680  ………………………………………………...  10

28 U.S.C. § 2680(h)  ……………………………………………  10

28 U.S.C. § 1291  ……………………………………………  13

34 U S.C. 10271-10273  ……………………………………………  4

31 U.S.C. 3729-3730 and 3801-3812 …………………………………… 4

2 C.F.R. §§ 200.339-343 …………………………………… 7

28 C.F.R. Part 42 …………………………………… 5

28 C.F.R. Part 54 …………………………………… 5

**RULES**

Fed. R. App. P. 4(a)(1)(B)(i).2 R. 44 …………………………………… 13

Fed. R. Civ. P. 54(b) …………………………………… 2

Fed. R. Civ. P. 58 …………………………………… 1

41 U.S.C 4712 …………………………………… 6

Fed. R. Civ. P. 56(d) …………………………………... 7,8,9,

10,11,12,13

**Other**

Consolidated Appropriations Act, 2018 ………………………………… 4

False Claims Act …………………………………… 5

FTCA ………………………………………………………… 7,13

IIED ………………………………………………………… 7,13

Whistleblower Act …………………………………………... 9

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**
**No. 24-1181**

| | | |
|---|---|---|
| FRED L. NANCE JR. | ) | |
| | ) | Appeal from the United States District Court |
| PLAINTIFF-APPELLANT | ) | for the Northern District of Illinois |
| | ) | |
| vs. | ) | No. 20 C 6316 |
| | ) | No. 22 C 3861 |
| U.S. DEPARTMENT OF JUSTICE, et al. | ) | |
| | ) | LaShonda A. Hunt, District Judge |
| DEFENDANT-APPELLEES. | ) | |

**PLAINTIFF-APPELLANT REPLY BRIEF**

**Introduction**

     This is a Whistleblower complaint, plain and simple. Nance is a Whistleblower in this matter Whistleblowers are supposed to have protection from retaliation, by statute and law. Nance was not terminated by his employer as defendant's attorney reports. Nance was terminated due to the actions of the United States employees, which excepted false statements from defendants EMAGES, Inc. and Hattie Wash. The lower court conveniently dismissed EMAGES, Inc. and Hattie Wash, which this Appellate Court condoned and accepted. This appellate court is not listening to Nance because he is a pro se litigant.

     Regarding case @20cv6316, on September 9, 2021, this appellate court issued an order stating, "On consideration of the papers filed in this appeal and review of the short record, IT IS ORDERED that this appeal is DISMISSED for lack of jurisdiction. Generally, an appeal may not be taken in a civil case until a final judgment disposing of all claims against all parties is entered on the district court's civil docket pursuant to Fed. R. Civ. P. 58. *See Alonzi v. Budget Construction Co.*, 55 F.3d 331, 333 (7th Cir. 1995); *See Cleaver v. Elias*, 852 F.2d 266 (7th Cir. 1988). The district court has not entered a final judgment under Rule 58 in this case, and for good reason. Plaintiff-appellant Fred Nance, Jr.'s case is not at an end. Specifically, in its order of

June 8, 2021, the district court granted plaintiff-appellant "leave to file by July 9, 2021, an amended complaint against defendants Wash, EMAGES, Inc. and Bradley, should he so choose. Defendants' deadline to answer or otherwise plead is August 6, 2021." Plaintiff-appellant Nance's deadline to file an amended complaint was extended recently, and now is August 30, 2021. Further, as the governmental appellees point out, appellant has not requested entry of a partial judgment under Fed. R. Civ. P. 54(b). "Plaintiff-appellant Nance must wait until the district court's work is at an end to appeal." (Dkt. #100, Case #20cv6316; Dkt. #00713874883, Case #21-2161) This appellate court dismissed case #20cv6316. (Dkt. #7, Case #24-1181) This appellate court deliberately snatched the teeth out of Nance's Whistleblower complaint. This is a reckless and corrupt judicial system.

The American judicial system is corrupt and dangerous at the highest level. The judicial system takes its direction and execution from SCOTUS, which is a highly shady and fraudulent entity in our democratic system. Justice Alito hung at his homes, the American flag upside down and the right-wing Christian Nationalist flag, which supports the insurrectionist and a coup against the United States.

The wife of Supreme Court Justice Samuel A. Alito Jr. told a Washington Post reporter in January 2021 that an upside-down American flag recently flown on their flagpole was "an international signal of distress" and indicated that it had been raised in response to a neighborhood dispute. Now Nance presupposes this woman believes Americans are stupid. What is a neighborhood issue got to do with an international event.

Justice Thomas, along with Alito, has taken gifts and other tangible items from individuals who had or have cases in front of the highest court in our land. Justice Alito and Thomas have clearly brought politics to the courtroom. Alito and Thomas continue to gut the voting rights act ruling in favor of republicans. SCOTUS has purposely delayed the criminal trial of Donald J. Trump to protect him. The

federal district court is following in the footsteps of SCOTUS' lunacy.

https://drive.google.com/file/d/1MBrT4sPR1oVrA_w6YDPiCAI61cX2-0J8/view?usp=sharing

Senator Sheldon Whitehouse provides a solution. Mr. Whitehouse suggests an easy way to get over SCOTUS' outrageous rulings. Mr. Whitehouse states the lower federal courts can refuse to reference bad law or to make SCOTUS rulings precedent. The federal lower District Court in this matter is legislating from the bench and issuing bad rulings. The Court is supposed to interpret policy, not create it from the bench. The defense attorney in this matter has made ridiculous and untrue statements to this court and expects the court to fall in line with the SCOTUS model of character and behavior. SCOTUS must be expanded in order to correct the dishonest MAGA justices and the legislating from the bench. It is a shame and disgrace that black federal judges follow suit with SCOTUS gutting the voting rights act. How do black and brown federal judges believe they were able to be a federal judge? History is lost to them. America expects a neutral court to litigate their issues. Nance exercises his 1st Amendment rights and publishes all his litigation on social media because the world needs to know living black in America really affects society. District Judges Alonso and Hunt's decisions are egregious and nefarious and mirror the attitudes and behaviors Supreme Court Justices Alito and Thomas. See Short Record Dkt. #45 filed with Appellate Court on 2/6/24 pp. 53-54, exhibits 1-35 (date filed with the District Court – 11/14/22 Dkt. 11) Nance's reply brief and statement here ensures that the party's arguments engage with the findings and analysis in the decision appealed from. *See Norfleet v. Walker*, 684 F.3d 688, 690-91 (7th Cir. 2012).

**Truth to Power**

Why isn't this court seeking the truth? The Department of Justice, Office of Justice Programs, Bureau of Justice Assistance (DOJ, OJP, BJA) has Special Condition attached to the EMAGES, Inc. Award 2018 CY-BX-0025. All civil law should derive from the statutes listed here. If the law cited by defense attorney Kurt N. Lindland does not align itself with the

legislative intent here, the law is unconstitutional and is subject to appeal. The policy listed here is derived from the legislative intent, which states:

> "Requirements of the award, remedies for non-compliance or for materially false statements (l) the conditions of this award are material requirements of the award Compliance with any certifications or assurances submitted by or on behalf of the recipient that relate to conduct during the period of performance also is a material requirement of this award. Failure to comply with any one or more of these award requirements, whether a condition set out in full below a condition incorporated by reference below, or a certification or assurance related to conduct during the award period may result in the Office of Justice Programs ("OJP") taking appropriate action with respect to the recipient and the award. Among other things, the OJP may withhold award funds, disallow costs or suspend or terminate the award. The Department of Justice ("DOJ"), including OJP, also may take other legal action as appropriate. Any materially false, fictitious, or fraudulent statement to the federal government related to this award (or concealment or omission of a material fact) may be the subject of criminal prosecution (including under 18 U.S 1001 and/or 1621, and/or 34 U S.C. 10271-10273), and also may lead to imposition of civil penalties and administrative remedies for false claims or otherwise (including under 31 U.S.C. 3729-3730 and 3801-3812). Should any provisions of a requirement of this award be held to be invalid or unenforceable by its terms, that provision shall first be applied with a limited construction so as to give it the maximum effect permuted by law. Should it be held, instead, that the provision is utterly invalid or unenforceable, such provision shall be deemed

severable from this award. Compliance with DOJ regulations pertaining to civil rights and nondiscrimination - 28 C.F.R. Part 42 The recipient. and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements of 28 C.F.R Part 42, specifically including any applicable requirements m Subpart E of 28 C.F.R Part 42 that relate to an equal employment opportunity program. Compliance with DOJ regulations pertaining to civil rights and nondiscrimination - 28 C.F.R. Part 54. The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements of 28 C.F.R Part 54, which relates to nondiscrimination on the basis of sex in certain "education programs." et seq.

23. Reporting Potential Fraud, Waste, and Abuse. and Similar Misconduct

The recipient and any subrecipient ("subgrantee") must promptly refer to the DOJ Office of the Inspector General (OIG} any credible evidence that a principal employee. agent, subrecipient, contractor, subcontractor, or other person has, in connection with funds under this award -- (1) submitted a claim that violates the False Claims Act; or (2) committed a criminal or civil violation of laws pertaining to fraud, conflict of interest, bribery, gratuity, or similar misconduct. Potential fraud, waste, abuse. or misconduct involving or relating to funds under this award should be reported to the OIG by (1) mail directed to: Office of the Inspector General, U.S Department of Justice, Investigation Division, 1425 New York Avenue, NW Suite 7100, Washington, DC 20530; and/or (2) the DOJ OIG hotline (contact information in English and Spanish) at (800) 869-4499 (phone) or (202) 616-9881 (fax).

25. Compliance with 41 U S.C. 4712 (including prohibitions on reprisal; notice to employees) The recipient (and any subrecipient at any tier) must comply with, and is subject to, all applicable provisions of 41 U.S.C 4712, including all applicable provisions that prohibit, under specified circumstances, discrimination against an employee as reprisal for the employee's disclosure of information of related to gross mismanagement of a federal grant, a gross waste of federal funds. an abuse of authority relating to a federal grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a federal grant. The recipient also must inform its employees, in writing (and in the predominant native language of the workforce), of employee rights and remedies under 41 U.S.C. 4712. Should a question arise as to the applicability of the provisions of 41 U.S.C. 4712 to this award, the recipient is to contact the DOJ awarding agency (OJP or OVW, as appropriate) for guidance." (Case No. 20cv6316, Dkt. #33-2)

Defendants EMAGES, Inc. and Hattie Wash violated these statutes. America expects this court to interpret the law, not create new laws or legislate from the bench to support a plaintiff or defendant. Interpreting the law would be equal justice under the law and a neutral arbiter.

On May 23, 2024, the District Court Magistrate Judge held a settlement conference between Nance and defendants EMAGES, Inc. and Hattie Wash in Case No. 20cv6316. (Dkt. #165) There was no settlement, and Magistrate Judge Jantz reports she will be sending the case back to the District Court, Judge LaShonda A. Hunt. If this Appellate Court remands this case (22cv3861) back to the District Court, both cases can be consolidated again, and therefore, real Justice can then prevail.

**Material Facts in Dispute**

**Defendant**: Under the relevant grant requirements, recipients were permitted to terminate awards by providing written notice to the awarding agency. R. 8, ¶ 7; *see* 2 C.F.R. §§ 200.339-343. Accordingly, Hattie Wash, the founder and CEO of EMAGES, informed DOJ in September 2020 that she was terminating the EMAGES award because of, among other things, the COVID-19 pandemic, and COVID-related restrictions. R. 8, ¶¶ 8, 9; Mem. Op. at 3, *Nance,* No. 20 C 6316, Dkt. 64, Sh. App. 3. At or about the time Wash initiated the grant termination process, she apparently terminated Nance's employment with EMAGES. R. 1 at 2; Mem. Op. at 4, *Nance,* No. 20 C 6316, Dkt. 64, Sh. App. 3 (pp. 2-3)

**Nance**: Hattie Wash presented and submitted false statements to DOJ, when in reality Hattie Wash gave the grant in retaliation to Nance filing his Whistleblower complaints with DOJ. Hattie Wash did not terminate Nance's employment. When DOJ accepted the false statements in Hattie Wash's letter for terminating the grant, by this action DOJ terminated Nance's employment. Defendant's lawyer goes on suggesting Nance's claims outweighed his Whistleblower claim; when in fact, Nance filed a "Whistleblower" complaint with the court and derived other claims from the Whistleblower claim. Defendant's attorney is attempting to deceive this court by not providing correct information to it.

**Defendant**: After exhausting his administrative remedies, Nance filed this case against the United States and other defendants alleging the same violations as the first suit, including violations of the FTCA, a claim for intentional infliction of emotional distress ("IIED"), and a False Claims Act claim based on the same allegations he had made in the earlier dismissed case, *Nance*, No. 20 C 6316. R. 1. Nance also alleged that he had unsuccessfully applied to a DOJ grant program in 2021, and that while his application was pending, he sought a position with DOJ to review and grade applications to the same program to which he applied. R. 19, Mem.

Op., at 6; R. 8 at ¶16. Because of his conflict of interest as a grant applicant, he was not permitted to review and grade other applicants' grant applications. *Id*. The United States moved to dismiss the complaint or, alternatively, for summary judgment (R. 6–9). Nance responded by essentially ignoring the grounds for the United States's motion by rearguing his dismissed "whistleblower" and retaliation claim and by requesting discovery under Fed. R. Civ. P. 56(d). R. 11-4. (p.4)

**Nance**: Nance did file another complaint because the District Court dismissed the DOJ compliant without prejudice for not exhausting his administrative remedies and so it was reasonable Nance should refile the case as originally filed due to facts are facts and they do not change; and Nance had exhausted his administrative remedies. Nance did not have a conflict of interest as a grant applicant. Nance did not ignore the court. When Nance refiled his case naming the United States, Nance brought up the discovery request because the District Court ignored Nance's request for discovery pursuant to FRCP 56(d).

**Defendants**: The district court also denied Nance's Rule 56(d) motion (R. 11-4), as moot. R. 19, Mem. Op. at 18.

**Nance**: Nance's Rule 56(d) was not moot. If Nance's Rule 56(d) was moot, it was because the District Court erred by not allowing discovery before ruling on defendant's motion to dismiss and/or summary judgment. The District Court denied Nance discovery in this matter. (Judge Hunt) Judge Alonso allowed discovery pursuant to Rule 56(d) when EMAGES, Inc. was a defendant along with the DOJ (United States). When Judge Alonso dismissed Nance's claims for lack of exhausting administrative remedies, it did not preclude Nance from having the right to discovery when he refiled the case against the United States. Judge Hunt denied Nance discovery.

**Defendant**: This appeal concerns two dismissal orders by the district court. After full briefing on the first motion to dismiss or alternatively for summary judgment, the district court compared Nance's complaint with the claims that were dismissed in his prior case, *Nance,* No. 20 C 6316, and found that most of his claims were previously dismissed with prejudice, including his "whistleblower" claim and his claim of retaliation. R. 19, Mem. Op. (p.6)

**Nance**: Nance's Whistleblower claims were dismissed due to Nance not exhausting his administrative remedies. The claims dismissed related to FTCA.

**Defendant**: Nance took that opportunity and amended his complaint (R. 20), and after full briefing on the United States's motion to dismiss (R. 27–30, 35–37), the district court granted the United States's motion and dismissed the amended complaint with prejudice because, again, Nance did not state a negligence claim, did not identify facts to support causation, and did not articulate a duty owed by the federal defendants that is analogous to a duty owed by a private person in a similar circumstance. R. 40, Mem. Op., at 2–4. The district court pointed out that in "the prior ruling, the Court specifically explained to Nance that identifying a duty along with specific facts to support causation would be required to properly allege an actionable negligence claim. (Mem. Op. & Order, Dkt. No. 19 at 11)." R. 40, Mem. Op., at 3. The district court further found that once again, Nance had "not satisfied that requirement," and because he "failed to articulate (let alone allege facts that give rise to) a duty that would support a negligence claim against a private person under like circumstances," negligence could not serve as the basis for the FTCA claim. *Id.* (pp.6-7)

**Nance**: Nance did provide causation of a negligence claim. Nance articulated how he asked the DOJ employees to investigate his allegations of EMAGES, Inc. and Hattie Wash commingling funds before accepting the grant back, which terminated Nance's employment violating the

Whistleblower Act. Nance presented as evidence stating "On March 26, 2021, the Department of Justice, Bureau of Justice Programs, Office of the Chief Financial Officer sent a letter to Hattie Wash stating…"Based on our review…Based on an analysis of the EMAGES financial activities, we noted that the EMAGES is commingling the grant 2018-CY-BX-0025 funds with other federal agencies' funds within their accounting system…" (p.5) (4/15/24, Plaintiff-Appellant Response to Defendant-Appellees Motion to Dismiss, p.8)) This is a fact. Facts do not change.

**Defendant**: As for his IIED claim, the district court found that "it is questionable whether IIED is even a tort recognized under the FTCA or excluded as an intentional tort under 28 U.S.C. § 2680," and that in any event, Nance did not allege facts to support an intentional infliction of emotional distress claim. R. 40, Mem. Op., at 3 citing *Christopher v. Harbury*, 536 U.S. 403, 420 n.19 (2002) (expressing doubt whether an IIED claim could be maintained under the FTCA) (citing 28 U.S.C. § 2680(h)). (p.7)

**Nance**: This is a material fact in dispute.

**Defendant**: The district court further found that since the motion to dismiss was granted, "Nance's request for discovery is moot," and since Nance "was afforded a final opportunity to amend the complaint to include the necessary facts and failed to do so," and that it appeared "that further attempts would be futile," the dismissal was with prejudice, citing *Bogie v. Rosenberg*, 705 F.3d 603, 608, 616 (7th Cir. 2013). *Id.* at 4. The district court therefore entered judgment for the United States on January 9, 2024. R. 41. (p.8)

**Nance**: Now, this is outrageous. Nance filed his Rule 56(d) before defendants filed their motion to dismiss. The District Court ignored Nance's Rule 56(d) and nefariously ruled in favor of defendants. If Nance had discovery, he would have asked and requested any and all documentation demonstrating defendant's attorney and the District Court reviewed Nance's

Twitter page (now "X") and retaliated against Nance for posting negative things about them. Nance provided, as he is now providing for this Appellate court, his Twitter handle

www.x.com/clickforjustice

**Defendant:** His theory — that the DOJ was somehow *negligent* when it allowed a grant recipient, EMAGES, to return the grant funds rather than continue to operate due to Covid-19 restrictions — is nonsensical and devoid of any elements of a cognizable tort (negligence or otherwise) under the FTCA. Nance cannot explain how allowing a grant recipient to return grant funds could possibly constitute a *tort* by the grant-issuing agency against the recipient's employee.

**Nance**: This is a material fact in dispute. Nance clearly informed via his Whistleblower complaints to DOJ and to the District Court, and with evidence, that EMAGES, Inc. and Hattie Wash did not give the grant back because of COVID. EMAGES, Inc. and Hattie Wash gave the grant back retaliating against Nance. The District Court ignored the truth and denied discovery. The facts of retaliatory actions are evident but ignored by the District Court.

**Defendant**: Nance's non-FTCA claims, all centered around his misguided belief that a grant award was unlawfully terminated in alleged retaliation for what he labels as "whistleblowing" complaints, were dismissed in his prior case, *Nance*, No. 20 C 6316, and appeal of those claims was dismissed as untimely. Dkt. 7. (p.9)

**Nance**: This is truly a miscarriage of justice. Nance was retaliated against for filing Whistleblower complaints. This is #SamuelAlito and #ClarenceThomas.

**Defendant**: As for his motion seeking discovery under Fed. R. Civ. P. 56(d), the court dismissed his complaint and his amended complaint for failure to state claim, and therefore a Rule 56(d) motion (which applies to summary judgment) is inapplicable and was properly denied

as moot. Besides, the problem with Nance's FTCA claim is that it simply does not state a claim. Discovery would not fix that problem. (p.9)

**Nance**: The District Court knew Nance filed Rule 56(d) before this case was assigned to her, Judge Hunt. Defendants filed a motion to dismiss or in the alternative summary judgment. Judge Hunt knew the only way to get around Nance's Rule 56(d) was to base her decision on a motion to dismiss. This is nefarious.

**Defendant**: On appeal, Nance clings to his unsupported theory that the DOJ was somehow *negligent* when it allowed his former employer to return its grant funds rather than continue to operate during the pandemic. (p.9)

**Nance**: Defendants EMAGES, Inc. and Hattie Wash were operating during COVID. We developed a COVID plan to operate. Nance provided data and evidence we were operating during COVID. This is not about COVID. This is about the Whistleblower Act. This is why Nance will never stop publishing this case on social media. The District Court is wrong and the attorney making these "3rd" party allegations have no idea what he is talking about or defending. What this attorney is doing is the same thing Trump's attorneys are doing in the Hush Money trial; defending the obscenities of a madman and insurrectionist and preaching to a choir of Justices who hang the flag upside down blaming his wife and no one seems to think nothing is wrong. This is how democracy is lost.

**CONCLUSION**

WHEREFORE, on or about September 26, 2018, plaintiff-appellant and defendant-appellee "Hattie Wash" received the Grant Award Letter from the Unites States Attorney General Jeff Sessions for Grant #2018-CY-BX-0025; funding the MA' AT project. Trauma-Informed and Mentoring services for October 1, 2018, thru September 30, 2021. (Dkt.#33-2)

Defendant-Appellee discusses their motion to dismiss in the Jurisdictional Statement "The district court dismissed the complaint and amended complaint for failure to state a claim and entered final judgment for the United States on January 9, 2024. R. 19, 40. Nance filed a notice of appeal on February 6, 2024, within the 60 days allowed by Fed. R. App. P. 4(a)(1)(B)(i).2 R. 44. This court has jurisdiction under 28 U.S.C. § 1291 to review the district court's final decision." (Dkt. 12) The United States moved to dismiss the complaint or, alternatively, for summary judgment (R. 6–9). Nance responded by essentially ignoring the grounds for the United States's motion by rearguing his dismissed "whistleblower" and retaliation claim and by requesting discovery under Fed. R. Civ. P. 56(d). R. 11-4. (Dkt.12, p.4) The United States again moved to dismiss or alternatively for summary judgment on the same grounds as the first dismissal; *i.e.* that Nance did not state a negligence claim, did not articulate a duty owed by the federal defendants that is analogous to a duty owed by a private person in a similar circumstance, and did not allege facts to support an IIED claim. R. 27–30; R. 40, Mem. Op., at 2–4. Nance responded to the United States's motion by again ignoring the basis for the motion and instead repeated his prior baseless allegations, rehashed his claims that the court had already dismissed or cautioned were excluded under the FTCA, and failed to identify any tort or provide facts supporting the elements of a tort that would give rise to his claim under the FTCA — the only claim remaining at that point in the litigation. R. 35. Nance also again sought discovery under Fed. R. Civ. P. 56(d), arguing that he could not "present facts essential to justify his opposition" to the United States's motion. R. 35-5. (Dkt. 12, pp. 5-6) The United States does not address the Evidentiary Exhibits. (20cv6316, Dkt. #51-2, 3/9/2021)

In *Andreea Gociman, et al. vs Loyola University of Chicago*, No 21-1304, Argued December 7, 2021 and Decided July 25, 2022, this 7th Circuit Appellate Court stated, "We review

the grant of a motion to dismiss for failure to state a claim de novo. *Bradley Hotel Corp. v. Aspen Specialty Ins. Co*., 19 F.4th 1002, 1005 (7th Cir. 2021) (citation omitted).  To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In evaluating the sufficiency of the complaint, we consider documents integral to the complaint that might aid in determining whether a plaintiff is entitled to relief. *Phillips*, 714 F.3d at 1020 (citation omitted).  The bar to survive a motion to dismiss is not high. *Bonte v. U.S. Bank, N.A*., 624 F.3d 461, 463 (7th Cir. 2010).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge [that] 'recovery is very remote and un-likely.'" *Twombly*, 550 U.S. at 556. Nance's complaint and brief satisfies *Ashcroft v. Iqbal and Bell Atl. Corp. v. Twombly.* (4/15/24, Dkt.6, pp. 2-3)

In any litigation it should be a search for the truth. What is the truth in this case? This is a Whistleblower case. Nance is a pro se litigant. Nance has been a peer reviewer for the Department of Justice (DOJ) since 2009, reviewing over 125 proposals across the United States. Nance, as a Whistleblower, reported EMAGES, Inc. and Hattie Wash, principle fiscal officer for EMAGES, Inc. and of Grant #2018-CY-BX-0025, committed fraud and misappropriation of funds. Nance cited the DOJ's Special Conditions for their grants above.

On March 26, 2021, about 5 months after Nance brought this litigation in case no. 22C3861, the Department of Justice, Bureau of Justice Programs, Office of the Chief Financial Officer discovered EMAGES, Inc. commingled funds from grant monies. This was approximately 3 months before Judge Alonso, in case no. 20cv6316, issued his ruling dismissing

Nance's claims on or about June 8, 2021. Nance discovered this information during his EMAGES, Inc. deposition on or about May 8, 2023.

DOJ attorney Kurt N. Lindland, in this matter, was the same DOJ attorney in case number 20cv6316. DOJ attorney Kurt N. Lindland knew the results of the Office of the Chief Financial Officer on March 26, 2021, but did not inform the court before Judge Alonso made his ruling in case no. 22cv6316 on or about June 8, 2021. This attorney had a duty to inform the court. This same attorney tells this court now Nance did not need discovery because he would not find anything, and if he did it had no meaning.

On May 23, 2024, Nance and EMAGES, Inc. (case no. 20cv6316) had a settlement conference with Judge Jantz, which EMAGES, Inc. requested. Judge Jantz assigned Attorney Bradley Manewith to assist Nance. During our discussions, Manewith informed Judge Jantz EMAGES,Inc. would not survive Summary Judgment due to material facts disputes. Judge Jantz agreed. Settlement discussions failed. Judge Jantz informed Mr. Manewith and Nance she would be sending case no. 20cv6316 back to Judge Hunt, the presiding District Judge. Nance is demanding a jury trial. From my experience with Judge Hunt, more likely than not, case no. 20cv6316 will be before this Appellate court.

Nance respectfully requests this Appellate Court remand Case No. 22cv3861 back to the District Court for Discovery and further proceedings to avoid being on dual tracks, or in the alternative, hold its decision in Case No. 22cv3861 due to related Case No. 20 C 6316 going to trial. A jury trial in Case No. 20cv6316 is imminent because Summary Judgment will fail due to existing material facts in dispute that can only be settled by a jury.

/s/Fred L Nance Jr.
Pro se Plaintiff-Appellant
17239 Evans Avenue
South Holland, Illinois 60473

**CERTIFICATE OF COMPLIANCE**

The undersigned, Pro se Plaintiff-Appellant, Fred L Nance Jr., furnishes the following in compliance with F.R.A.P. Rule 32(a)(7):

I hereby certify that this reply brief conforms to the rules contained in F.R.A.P. Rule 32(a)(7) for a brief produced with a proportionally spaced font. The reply brief complies with the typeface requirements of Fed. R. App. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because: This document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 12-point font size and Times New Roman. The length of this brief is  4,693  words.

Dated: June 3, 2024

/s/Fred L. Nance Jr., Plaintiff-Appellant
Pro se
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395
frednance@clickservices.org

**PROOF OF SERVICE**

The undersigned, Pro se Plaintiff-Appellant, Fred L Nance Jr., hereby certifies that on

_June 3, 2024_ copies of the Reply Brief as well as a digital version containing the reply brief,

was delivered via operation of the court and kurt.lindland@usdoj.gov, counsel for the Defendant-

Appellee, United States.

Dated ___June 3, 2024_____

/s/Fred L. Nance Jr., Plaintiff-Appellant
Pro se
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395
frednance@clickservices.org